InsLEX, J.
The defendant, having been convicted and 'sentenced' to" capital punishment for tbe crime of rape, appealed from the judgment .of' the District Court, and the case comes before this Court on two' bills oT exception.
*120 ’The first bill was taken to tho ruling of the Court below, by which a witness for the prosecution, before leaving the stand, but after the close of her cross-examination by tho defense, was permitted to bo reexamined by the State.
It appears that, on her first examination-in-chief, the witness had stated that the accused had thrown her down by force, and used her like .a beast, and the reexamination was allowed in order to ascertain more clearly the nieaning of the language used by the witnéss.
' 'By the common law of England, which by our own law, governs in trials of crimes, offenses and misdemeanors (see 33 ?¿ of the act of May 4tii, 1805, Bullard & Curry, page 248, and which section is expressly preserved in force by the 73 section of the act relative to criminal proceedings, No. 121, of the session acts of 1855, also State v. Lacombe, 12 An. 196), a reexamination is allowed only for the purpose of explaining any fa'cts which may come out on the cross-examination, and must be confined to the subject-matter of the cross-examination. Roscoe Criminal Evidence, 173. Archibald’s Criminal Pleading, p. 157.
.The late Court of Errors and Appeals admitted that this was the common law rule of criminal evidence, but observed that many of the rules, with regard to the examination of witnesses and the introduction of evidence, had been much relaxed, and that it is now understood to be the universal practice of the Courts of this State, in both civil and criminal proceedings, to permit a witness, after having been examined-in-chief, consigned and cross-examined by the party introducing him, to be re'examined upon points touching which he had not before testified; that this was discretionary with the Court. The State v. Duncan, 8 Rob. 563 and 564. This doctrine was also entertained in the case of the State v. Parker, 7 An. 84, wherein the Court, having in view the act of 1805, expressed the opinion that the ancient rules of evidence are subject to change, where it is "indispensable to truth and justice, and that the whole tendency of modern decisions is to relax the strict rules of evidence with a-view to lay everything before courts and juries, which ought to have an influence upon the cases before them, and to leave the objections as much as possible, consistently with an orderly and speedy administration of justice to the credit of the testimony and witnesses.”
It is unquestionably true, that when the common law rules of evidence, in criminal proceedings, were adopted by the Legislature of this State; no rule was better Understood nor more firmly established than the one now under consideration. It had always been deemed a wise and salutary one, and had been uniformly adhered to.
’The-discretion, which in the cases referred to, is claimed for Courts to relax, to change, or to utterly disregard rules of criminal evidence, which the Legislature has decreed it obligatory on them to observe, would be effectually'to make the law a dead letter; cases might certainly occur, and this, perhaps, is one of them, wherein a relaxation of the rule might serve to advance the course of justice; but this is no reason why the general rules of evidence should not be observed, and until the law of evidence in criminal proceedings, now extant, is partially or wholly changed, our Courts are not justified in exercising their discretion in regarding or dis *121 regarding rules of evidence, which our Legislature has adopted as a system.
It was well said by Lord Kenyon, that “rules of evidence are of vast importance to all orders and degrees of men, and that our lives, our liberty and our property are concerned in the support of them.”
The second bill relates to the competency of a State witness, aged about eight or nine years.
The law has fixed no qualification of age, as to the competency to testify in criminal matters, and on that score there was no error in the ruling of the judge who received the testimony.
In a very late case, the State v. Ross and Rogers, 18 An. 342, this Court held that the incompetency of a witness as to age, depends upon his reason, intelligence, judgment, capacity and understanding, which are all matters of fact left to the discretion of the judge and jury,
The bill of exceptions discloses no reason to doubt that, in this case, that discretion was wisely and cautiously exercised.
It is ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the case be remanded for a new trial, according to law,